IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-01726-GPG

CHETAN CHETAN,

      Petitioner,

v.

TODD BLANCHE, Acting U.S. Attorney General, in his official capacity,
MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security;
DAVID VENTURELLA, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement,1
JUAN BALTAZAR, in his official capacity as Warden of Denver Contract Detention Facility,

      Respondents.

---

## AMENDED ORDER

---

Before the Court is Petitioner's Motion to Enforce Habeas Order and for Further Relief (D. 9). The Court DENIES the motion for the following reasons.

On May 19, 2026, the Court ordered Respondents to provide Petitioner with a bond hearing under § 1226(a) "at which Respondents bear the burden of proof of showing his continued detention is proper and was proper at the time of his arrest" (D. 8). On May 26, 2026, Petitioner received a bond hearing in front of an immigration judge (IJ) (D. 10). The IJ denied bond on the basis that "the Department has met its burden to establish that [Petitioner] presents a flight risk" (D. 10-1 at 2). The IJ's decision rested on "the totality of the circumstances, including Respondent's limited community ties, speculative residence, lack of significant family support in

1

the United States, and the Court's concerns regarding the reliability of the underlying application for relief" (*id.*).  Petitioner argues that the IJ incorrectly placed the burden of proof on the Petitioner by denying bond "primarily on the absence of certain favorable equities — specifically, the lack of immediate family members in the United States and the perceived weakness of Petitioner's asylum claim" (D. 9 at 3).  Petitioner also argues that the IJ "failed to explain how any evidence presented by Respondents made it 'more likely than not' that Petitioner would fail to appear" (D. 9 at 7).  As a result, Petitioner requests immediate release (D. 9).

Upon review of the IJ's written decision (D. 10-1) and an audio recording of the bond hearing (D. 15), the Court does not find there is sufficient evidence that the IJ incorrectly placed the burden of proof on Petitioner.  The IJ identified that Respondents bore the burden of proof, discussed Petitioner's presented evidence, and stated that DHS had satisfied its burden (D. 10-1 at 1–2).  Based on the IJ's indication that she considered all evidence presented and found that DHS had shown that Petitioner is a flight risk, the Court cannot say that she improperly placed the burden on Petitioner.

Petitioner's arguments, rather than speaking to the burden of proof the IJ applied, boil down to a disagreement with the IJ that DHS's evidence was sufficient to prove, by a preponderance of the evidence, that Petitioner is a flight risk.  While the Court is empowered to prescribe the applicable burden of proof an IJ must apply at a bond hearing in the name of due process, *see Barreno v. Baltasar,* No. 025-CV-03017-GPG-TPO, 2025 WL 3190936, at *2–3 (D. Colo. Nov. 14, 2025), and to ensure that its Orders are followed, it does not have the authority to proceed to apply that burden to the evidence or second-guess the IJ's application of the burden.  The INA explicitly precludes judicial review of discretionary IJ decisions concerning revocation or denial

2

of bond under 8 U.S.C § 1226(a): "The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review." 8 U.S.C. § 1226(e). Here, the Court ordered that Respondents provide Petitioner with a bond hearing at which they bore the burden of proof, and Respondents appear to have done so. The Court is not at liberty to revisit the IJ's particular finding as to whether that burden was satisfied.

Accordingly, Petitioner's motion to enforce is DENIED.

DATED July 1, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge